FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 9 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH A. FERRARA, SR., et al.

                       Plaintiffs,

       -against-

CAB II ENTERPRISES, INC.,

                      Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-1331 (SLT) (SMG)

**TOWNES, United States District Judge:**

       Plaintiffs are trustees of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Fund ("the Funds"). They filed this action on March 31, 2009 pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1332 and 1145 ("ERISA") to recover contributions allegedly owed by defendant Cab II Enterprises, Inc. ("Cab II") to the Funds for the period of September 2007 through June 2009. They also seek to recover interest, liquidated damages, attorney's fees and costs pursuant to ERISA. The complaint alleges that defendant Corona & Sons Trucking, Inc. ("defendant") is liable for delinquent employer contributions to the Funds on the basis of its failure to properly submit to Plaintiffs' audit request. Defendant was properly served but failed to answer or move in any regard with respect to the complaint. On July 13, 2009, Plaintiffs moved for default judgment, and on July 14, 2009, the Clerk of the Court made a notation of default pursuant to Federal Rule of Civil Procedure 55(a).

       Thereafter, CAB II consented to an audit of its records, and this Court deferred consideration of plaintiffs' motion for entry of default judgment to allow time for the audit to proceed. Docket No. 13. During the course of the audit, plaintiffs' auditor identified C.M.B. Enterprises ("C.M.B."), an affiliated entity of CAB II. Although defendant confirmed both CAB

II and C.M.B. provided trucking services, it refused to comply with plaintiffs' written requests to submit C.M.B.'s records. As a result, plaintiffs submitted an amended motion for default judgment on January 11, 2010. Docket No. 14. Defendant has not filed any opposition to plaintiffs' motion. By order dated April 6, 2010, this Court referred plaintiffs' motion to Magistrate Judge Steven M. Gold.

On February 24, 2011, Judge Gold issued his report and recommendation ("R&R"), recommending that default judgment be entered in this case against CAB II in the amount of $43,953, comprised of $32,940.28 in unpaid contributions and $11,012.72 in attorney's fees and costs. The R&R also recommended that CAB II be held liable for interest on $22,075 at the rate of 18% per annum beginning from April 1, 2008 to the date of judgment and on $10,864.33 at the rate of 18% per annum beginning from April 1, 2009 to the date of judgment. Interest is to be calculated by the Clerk of Court. Finally, the R&R recommended that the Funds be awarded an amount equal to the total interest figure as liquidated damages. The R&R advised defendants that any objections must be filed with the Clerk of Court within fourteen (14) days of the receipt of the R&R. R&R at 12. However, as of the date of this Memorandum and Order, defendants have neither filed objections to the R&R nor requested an extension of time in which to do so.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court

finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, this Court adopts Magistrate Judge Gold's Report and Recommendation dated February 24, 2011. The R&R recommends 1) that plaintiffs' motion for default judgment be granted and that judgment be entered against defendant CAB II in the amount of $43,953 plus applicable interest on $22,075 at the rate of 18% per annum from April 1, 2008 to the date of judgment and on $10,864.33 at the rate of 18% per annum from April 1, 2009 to the date of judgment; and 2) that the Funds be awarded an amount equal to the total interest figure as liquidated damages. This Court will enter judgment in favor of plaintiffs and against defendant CAB II Enterprises, Inc.

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: March 28, 2011
Brooklyn, New York